GEORGE A. CLEMENT

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Kennebec.    Opinion December 21, 1917.

*Federal Employers' Liability Act of 1908.    Rule as to fellow-servant doctrine.
General rule as to the effect of contributory negligence under this Act.    What
is meant by assumption of risk.*

This is an action of personal injuries under the provisions of the Federal Employers'
Liability Act of 1908.  It was stipulated and agreed that the defendant was
engaged in interstate commerce and that the plaintiff was employed in that
capacity at the time of the accident.  Jury returned a verdict in favor of the
plaintiff for $4,791.75 and the matter is before the court on the usual motion.

*Held:*

1.  The jury were justified in finding from the evidence that the accident in which
the plaintiff was injured was the result of the negligence of one of plaintiff's
fellow-servants; the defendant was therefore liable under the terms of the
Federal Employer's Liability Act.

2.  There was ample evidence to satisfy the jury that the plaintiff was not guilty
of contributory negligence.

3.  The accident was not caused by defective machinery, faulty appliances or
incompetent or defective fellow-servants, but was the result of a single heedless,
unaccountable, careless act of a fellow-servant, and to which the doctrine of
assumption of risk cannot be held to apply.

4.  At the time of the accident the plaintiff was thirty years of age, was earning
as fireman $20 a week, and having completed two years of service in that capac-
ity, would soon have been able to qualify as a locomotive engineer at increased
pay.  He suffered a bad fracture of the leg, followed by the resulting expensive
and painful illness, has a shortened leg and a crippled foot, affecting his ability
to labor, and producing continued pain and inconvenience.  While his condi-
tion may be slightly improved by further surgical treatment, the injured limb
can never recover its former shape and usefulness.  The jury's verdict of
$4,791.75 is not excessive.

Action brought under Federal Employers' Liability Act of 1908 to
recover for personal injuries sustained by plaintiff through alleged

negligence of defendant.   Defendant filed plea of general issue and also brief statement, claiming that plaintiff was familiar with the condition which caused the accident and that he had, therefore, assumed the risk and was guilty of contributory negligence.   Verdict for plaintiff in sum of $4791.75.   Defendant filed motion for new trial. Motion overruled.

Case stated in opinion.

*Andrews & Nelson,* for plaintiff.

*Johnson & Perkins,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

MADIGAN, J.   This is an action of personal injuries under the provisions of the Federal Employers' Liability Act of 1908.   It was stipulated and agreed that the defendant was engaged in interstate commerce and that the plaintiff was employed in that capacity at the time of the accident.   Jury returned a verdict in favor of the plaintiff for $4791.75 and the matter is before the court on the usual motion.

The plaintiff had been in the employ of the defendant for about three years as fireman working on different runs for various lengths of time as he was needed, but having no regular assignment.   On December 1, 1915, he went to work as hostler in the engine house at Oakland, remaining there in that capacity until the accident the 23rd of that month.   He had had no experience as an engineer and admittedly lacked the experience and qualifications to serve in such capacity.

The round house at Oakland was located at the southerly end of the yard facing north.   It contained five stalls with an ash pit under each, with tracks leading to the turntable, which was just north of the round house.   The stall tracks and one or two extra tracks, to the west of the round house, number six and seven, converged toward the turntable pit where the usual movable table served to turn the engine from the turntable track to the various stalls and vice versa.   The turntable track lined with number three pit extended in a northerly direction with a curve to the northeast, northerly from the table. About 172 feet distant therefrom, on the westerly side of the track was a sand house, and further along on the same side was a paint shop. The track curved again to the northwest to the coal shed where the

round house engines were coaled.    Among other duties the hostler was required to coal the engines, moving the same from the various stalls on to the turntable and thence to the coal shed, after which the engine and tender were backed across the turntable into the round house.    In moving the engine the plaintiff had no fireman or other assistance.

On the morning of the accident the plaintiff took an engine from number 5 pit across to the coal shed, coaling her and turning her over to the engineer on the main line.    He was requested by Frost, the repair man, to move the engine in number 2 pit over into number 3 pit, as some work had to be done under the engine and number 2 pit contained water which prevented their working in it.    As the engine in number 3 had to be coaled he moved it to the coal shed, filled the tender and was backing into the round house.    He testifies that when within fifty feet of the table he looked back, with his engine nearly at a standstill, and noticed that the track on the table was properly lined to receive the tender and engine.    As the tender passed onto the table he found that the latter had been moved and it being too late to stop the engine and prevent the accident he jumped receiving the injuries sued for.    An employee, whose duty it was to clean the pits, during the plaintiff's absence had moved the table and placed an ash car thereon.    No warning was given to the plaintiff that the table had been moved or was about to be moved.    There were no regulations governing the use of the table or signs to guard against such accident.    The plaintiff, however, testified that he locked the table before he went out and did not notice that it had been moved.

After a careful study of the evidence we feel that the accident was due to the negligence of one Trask, a fellow-servant of the plaintiff, who moved the table during the ten or fifteen minute period that the plaintiff was absent from the round house.    It is not claimed that the plaintiff had any way of knowing that the table had been moved except from observation.    In returning to the round house the plaintiff to operate the engine, was on the right hand side of the engine, and the curve in the track and the coal piled up as it was in the tender, according to the testimony, would prevent his seeing, from that side of the engine, the alignment of the table track.    The slightest degree of care or caution on the part of Trask would have prevented the accident.    Trask must have known, or could easily ascertain, when he

found the table lined up to the outside track, that it was in use. Frost who knew the conditions and the purpose and intention of the plaintiff could easily have informed Trask that the plaintiff was about to return.   As under the Federal Employers' Liability Act the defendant is not relieved, by reason of the negligence of a fellow-servant, the jury were justified in returning verdict on this ground in the plaintiff's favor.

Nor do we feel that the plaintiff was guilty of contributory negligence, which at most would affect only the amount of recovery. There is ample evidence to satisfy the jury, if they found it credible, that the plaintiff was, under all the circumstances, in the exercise of due care.   Alone upon the engine, under the orders of the defendant, with the curve in the track, the coal piled up in the tender, we feel that the jury were justified in finding, that under the circumstances, he was in the exercise of all the care that would be required of a reasonable and prudent man.   The wheels of the tender had left the track and the engine had jumped before his attention was called to the fact that the table had been moved.   While he might not have been injured had he remained in the cab, under the existing conditions he could not be said to be at fault in attempting to avoid injury by jumping from the engine.

Nor can it be said that he assumed the risk.   Assumption of risk implies prior knowledge of conditions from which accidents result. If held to apply here it would be difficult to conceive of a case in which recovery might he had.   The accident was not the result of faulty appliances or defective machinery but was caused by the heedless, almost unaccountable carelessness of a fellow employee, who might have awaited the plaintiff's return, or with the least possible amount of exertion, given him due and timely warning of the change in the position of the table.

The amount of the damages are not excessive.   Plaintiff is about thirty years old, was earning $20. a week, and in a short time would have become a duly qualified engineer with an increase of salary.   He suffered a great deal of pain, one leg is shortened and left in such condition that his ability to labor is greatly impaired and he suffers constantly when using it.

*Motion overruled.*